IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

PEGGY SHUMPERT, Individually and on behalf
of the heirs and wrongful death beneficiaries of
Antwun "Ronnie" Shumpert, Sr., deceased, and
CHARLES FOSTER                                                                                          PLAINTIFFS

V.                                                           CIVIL ACTION NO.: 1:16CV120-SA-DAS

CITY OF TUPELO, MISSISSIPPI,
MAYOR JASON SHELTON, in his official capacity,
CHIEF BART AGUIRRE, in his official capacity,
OFFICER TYLER COOK, in his individual and official capacities,
and JOHN DOES 1-10                                                                                       DEFENDANTS

ORDER ON MOTION TO STAY

Defendant Tyler Cook requests a stay in this civil action until the conclusion of the Department of Justice investigation presumably commenced on the subject matter referenced in this case. Plaintiffs object.

"There is no general federal constitutional, statutory, or common law rule barring the simultaneous prosecution of separate civil and criminal actions by different federal agencies against the same defendant involving the same transactions." *Securities and Exchange Commission v. First Financial Group of Texas, Inc.*, 659 F.2d 660, 666 (5th Cir. 1981). Indeed, parallel civil and criminal proceedings instituted by different federal agencies are "not uncommon occurrences." *Id*. at 666-67. However, in "special circumstances," a "district court should stay one of the proceedings pending completion of the other to prevent a party from suffering substantial and irreparable prejudice." *Id*. at 668.

"The decision whether . . . to stay civil litigation in deference to parallel criminal proceedings is discretionary." *United States v. Simcho,* 326 F. App'x 791, 792 (5th Cir. 2009) (quoting *Microfinancial, Inc. v. Premier Holidays Int'l, Inc.*, 385 F.3d 72, 77 (1st Cir. 2004)).

"'[T]he granting of a stay of civil proceedings due to pending criminal investigation is an extraordinary remedy, not to be granted lightly.'" *Id.* at 792–93 (quoting *In re Who's Who Worldwide Registry, Inc.,* 197 B.R. 193, 195 (Bankr. E.D.N.Y. 1996)). "In a civil case, there is a strong presumption in favor of discovery, and the [movant] must overcome the presumption in its request for a stay." *United States v. Gieger Transfer Serv.*, 174 F.R.D. 382, 385 (S.D. Miss. 1997).

The Court finds that a stay in this case is not warranted. There is no indication that Cook will suffer substantial and irreparable prejudice by the parallel proceedings. Cook admittedly has no information if this case is still under review by the Department of Justice. Until a more concrete threat to the constitutional rights of Tyler Cook is obvious, a stay based on an assumed Department of Justice investigation will not be entertained.

The Motion to Stay Proceedings [12] is DENIED.

SO ORDERED, this the 18th day of October, 2016.

                                              **/s/ Sharion Aycock**
                                              **U.S. DISTRICT JUDGE**