IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

**PEGGY SHUMPERT, ET AL.**                                                     **PLAINTIFFS**

**VS.**                                      **CIVIL ACTION NO: 1:16CV120-SA-DAS**

**CITY OF TUPELO, MISSISSIPPI, ET AL.**                               **DEFENDANTS**

## ORDER

This matter is before the court on the plaintiffs' motion [92] and seeks relief from a prior [85] order sanctioning their attorney, Carlos Moore ("Moore"). The court ordered Moore to reimburse the defendants for the reasonable expenses they incurred in filing two motions to compel. The present motion seeks three forms of relief. First, Moore claims he is entitled to relief under Federal Rule of Civil Procedure 60(b) on the grounds of "excusable neglect." In the alternative, Moore argues that the sanctions should be set aside pursuant to Federal Rule of Civil Procedure 59(e) to prevent "manifest injustice." Finally, if the sanctions are not set aside, Moore contends the reasonable expenses should be apportioned pursuant to Federal Rule of Civil Procedure 37(a)(5)(C).

### A. "Excusable Neglect"

The first issue is whether Moore should be relieved from having to pay the defendants' reasonable expenses for filing two motions to compel. The conduct for which Moore was sanctioned traces back to November 23rd, 2016. On that date, the defendants served their first set of interrogatories, requests for production of documents, and requests for admissions on plaintiffs Peggy Shumpert and Charles Foster. The plaintiffs timely served Shumpert and Foster's responses to the requests for admission. However, they did not serve their responses for

1

the interrogatories or requests for production at that time. On January 11th, 2017, well after the plaintiffs' responses were due, defense counsel sent a letter demanding that the plaintiffs serve their responses to the delinquent interrogatories and requests for production within ten days of the letter's receipt. The letter went unanswered, as did the plaintiffs' extended deadline for serving their discovery responses.

The defendants filed their first motion to compel on January 25th, 2017. On the heels of that motion, the plaintiffs served their responses to the outstanding interrogatories and requests for production. Evidently, the plaintiffs' responses were inadequate in many regards, and the parties conferred in an attempt to resolve the discovery issues without court intervention. A resolution proved impossible, and the defendants filed their second motion to compel on February 21st, 2017. Subsequently, the court noticed a hearing on the two motions to compel, which was held on March 21st, 2017.

After hearing oral argument, the court granted the defendants' motions to compel in-part and found the defendants' were entitled to reimbursement for their reasonable expenses under Federal Rule of Civil Procedure 37(a)(5)(A). Based on his representations at the hearing, the court also found that Moore's conduct, alone, necessitated the filing of the two motions to compel. As such, he was held solely liable for reimbursing the defendants' expenses.

Moore is now seeking to avoid these sanctions under Federal Rule of Civil Procedure 60(b)(1). Under this rule, "the court may relieve a party or its legal representative from a final judgment, order or proceeding for…excusable neglect." Fed. R. Civ. P. 60(b). Moore attributes his failure to provide complete and timely discovery responses to two unforeseen circumstances. He claims to have received several death threats during the pertinent time period, which stem

from another case involving the state flag of Mississippi. Moore also explains that his wife suffered from a severe and prolonged illness around the same time.

Although sympathetic of Moore's plight, the court cannot classify his failure to timely and adequately respond to the defendants' written discovery requests as excusable neglect. "While Rule 60(b) allows relief for 'mistake, inadvertence…or excusable neglect,' these terms are not wholly open-ended. 'Gross carelessness is not enough.'" *Pryor v. U.S. Postal Service*, 769 F.3d 281, 287 (1985) (citing 11 Wright and Miller, *Federal Practice and Procedure* § 2858 at 170). Even though he received a letter from defense counsel inquiring about the tardy discovery responses, Moore never contacted them to explain his situation or to ask for an extension of time. Based on defense counsels' representations at the hearing, a simple phone call would have sufficed. Therefore, the court finds that Moore's failure to timely and adequately respond to the defendants' written discovery requests was the product of gross carelessness, not excusable neglect.

## B. "Manifest Injustice"

This issue is tangential to the plaintiffs' "excusable neglect" argument. The defendants, in their response, contend the plaintiffs are seeking relief under the wrong rule. Because the plaintiffs' motion was filed within twenty-eight (28) days of the order it challenges, the defendants argue that Federal Rule of Civil Procedure 59(e) is applicable, not Federal Rule of Civil Procedure 60(b).[1] In addition to reasserting their claim for relief under Rule 60(b), the plaintiffs' reply argues that they are, likewise, entitled to relief under Rule 59(e).

---

[1] The defendants cite *Towns v. NE Miss. Elec. Power Assoc.*, which states that "if the motion for reconsideration is filed and served within twenty-eight days of the rendition of judgment, the motion falls under Rule 59(e), and if it is filed and served after that time, it falls under the more stringent Rule 60(b)." 2011 WL 3267887, at *1 (N.D. Miss. July 29, 2011).

There are only three grounds for which a court may grant a motion for reconsideration under Federal Rule of Civil Procedure 59(e): "(1) an intervening change in controlling law, (2) the availability of new evidence not previously available, and (3) the need to correct a clear error of law or prevent manifest injustice." *Atkins v. Marathon LeTourneau Co.*, 130 F.R.D. 625, 626 (S.D. Miss. 1990).[2] A motion for reconsideration should not be used "to give an unhappy litigant one additional chance to sway the judge." *Nationwide Mut. Fire Ins. Co. v. Pham*, 193 F.R.D. 493, 494 (S.D. Miss. 2000). Rather, granting a motion for reconsideration "is an extraordinary measure and should be used sparingly." *In re Pequeno*, 240 Fed. App'x 634, 636 (5th Cir. 2007).[3]

For the same reasons they cited in support of their "excusable neglect" argument, the plaintiffs argue that the sanctions imposed on their attorney should be set aside to prevent manifest injustice. The court disagrees. As stated above, the court sympathizes with Moore. Having to juggle the practice of law with death threats and an ailing family member is no small feat. But this information was before the court when it ordered Moore to pay the defendants' reasonable expenses. The fact remains that Moore failed to communicate his circumstances to opposing counsel, even after opposing counsel sent him a letter asking about the discovery responses and extending his deadline to comply. The court reiterates what was stated above: Moore's failure to timely and adequately respond to the defendants' written discovery requests was the product of gross carelessness. Accordingly, the court finds that it is not manifestly unjust for Moore to be liable for the defendants' reasonable expenses.

---

[2] Citing *Natural Resources Defense Council v. United States Envtl. Protection Agency*, 705 F. Supp. 698, 702 (D.D.C. 1989).
[3] Quoting *Templet v. HydroChem, Inc.*, 367 F.3d 473, 477 (5th Cir. 2004).

### C. Apportionment

Pursuant to Federal Rule of Civil Procedure 37(a)(5)(C), courts have the discretion to "apportion the reasonable expenses" of a motion to compel if the motion is granted-in part and denied in-part. As Moore correctly points out, each of the defendants' motions to compel was denied in-part. Thus, the second issue is whether the court should have apportioned the expenses when it sanctioned Moore.

The first motion was denied in-part on the grounds of mootness. That is, the plaintiffs satisfied some of the defendants' outstanding discovery requests after the first motion to compel was filed. Notably, though, this is precisely the type of conduct Federal Rule of Civil Procedure 37 (a)(5)(A) is meant to combat, i.e., parties not complying with valid discovery requests until the court is asked to intervene. Furthermore, it would be unconscionable to apportion expenses under these circumstances. Allowing parties to evade sanctions by asserting the very conduct that triggered them would wholly undermine Rule 37. Therefore, the court finds that there are no apportionable expenses with respect to the first motion to compel.

The defendants' second motion to compel sought more adequate responses to five of their previously propounded interrogatories. It was denied insofar as it requested information pertaining to certain wounds on the decedent's body, which the plaintiffs attribute to Officer Cook's K-9. Notably, the court only denied the defendants' request because Moore represented at the hearing that the information would be forthcoming in the plaintiffs' expert reports. However, Moore also informed the court that the allegations were partly based on the testimony of a nurse who assisted in the decedent's surgery. Because this witness was never disclosed to the defendants, the plaintiffs were ordered to provide the defendants with all information concerning the nurse's description of the decedent's injuries. Within this context, the court

5

refuses to apportion the expenses incurred in filing the second motion to compel. Of the five interrogatories placed in issue, the court denied only a fraction of one interrogatory, rendering the apportionable expenses, if any, too trivial to quantify. Moreover, the hearing uncovered highly relevant evidence, which fell squarely within the defendants' written discovery requests, that was never turned over to the defendants.

## CONCLUSION

**IT IS, THEREFORE, ORDERED THAT:**

1. Carlos Moore is not entitled to relief from paying the defendants' reasonable expenses for filing their motions to compel, including attorney's fees, under Federal Rule of Civil Procedure 60(b)(1).

2. Carlos Moore is not entitled to relief from paying the defendants' reasonable expenses for filing their motions to compel, including attorney's fees, under Federal Rule of Civil Procedure 59(e).

3. Although the defendants' motions were granted in-part and denied in-part, the reasonable expenses stemming therefrom shall not be apportioned between Carlos Moore and the defendants.

**SO ORDERED** this, the 3rd day of May, 2017.

/s/ David A. Sanders
UNITED STATES MAGISTRATE JUDGE