# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# ABERDEEN DIVISION

PEGGY SHUMPERT, ET AL.                                                           PLAINTIFFS

VS.                                                        CIVIL ACTION NO: 1:16CV120-SA-DAS

CITY OF TUPELO, MISSISSIPPI
ET AL.                                                                            DEFENDANTS

## ORDER

This matter is before the court on the defendants' motion [89] for sanctions. The motion stems from a previous order [85], wherein the court granted the defendants' two motions to compel. In that same order, the court also imposed sanctions on plaintiffs' counsel, Carlos Moore, pursuant to Federal Rule of Civil Procedure 37(a)(5)(A). As a consequence, the defendants were instructed to submit a detailed list of the expenses, including attorney's fees, they incurred in filing their motions to compel. The present motion provides a detailed accounting for each of the defendants' motions to compel. In total, the defendants are seeking reimbursement of $3,086.00 in attorney's fees.

Carlos Moore argues $3,086.00 is an unreasonable and unconscionable amount for two motions to compel. In support of his position, Moore has submitted an affidavit from Michael Carr, his co-counsel. Although he finds the billing rate reasonable, Carr takes issue with the amount of time defense counsel spent on the motions to compel. With respect to first motion to compel, Carr specifically objects to the billing of 2.3 hours for legal research because the motion was only eight pages long and merely cites two general cases. For the second motion to compel, Carr raises two issues. First, Carr believes that defense counsel has billed an unreasonable

amount of time. Carr also states that defense counsel impermissibly double billed when they charged for both John Hill and Berk Huskison to read the plaintiffs' response.

Having considered the motion, along with Moore's arguments, the court finds the defendants' accounting of their expenses to be reasonable. This case has garnered the attention of local, regional and even national media outlets. Heightened media scrutiny necessarily invites heightened diligence in researching and drafting documents that are to become a part of the public record. Therefore, the court finds that defense counsel did not spend (or bill) an unreasonable amount of time on their two motions to compel.

**IT IS, THEREFORE, ORDERED** that Carlos Moore shall reimburse the defendants—in the amount of $3,086.00—for the reasonable costs they incurred in filing two motions to compel. This amount shall be tendered to the defendants within two weeks of final judgment.

**SO ORDERED** this, the 15th day of May, 2017.

/s/ David A. Sanders
UNITED STATES MAGISTRATE JUDGE