IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

PEGGY SHUMPERT, ET AL.                                                                PLAINTIFFS

VS.                                                         CIVIL ACTION NO: 1:16CV120-SA-DAS

CITY OF TUPELO, MISSISSIPPI,
ET AL.                                                                                  DEFENDANTS

**ORDER**

This matter is before the court on the plaintiffs' motion [122] for sanctions. The plaintiffs contend the defendants should be sanctioned for filing two motions to compel without first scheduling a conference with the court to discuss the underlying discovery disputes. As grounds, the plaintiffs cite the Case Management Order, which provides:

> The court desires to avoid the necessity of filing written discovery motions where court participation in an informal discussion of the issue might resolve it, even after the parties have been unsuccessful in a good faith attempt to do so. Consequently, before a party may serve any discovery motion, counsel must first confer in good faith as required by F.R.Civ.P. 37(a)(1). If the attorney conference does not resolve the dispute, counsel must contact the chambers of the magistrate judge to request a telephonic conference to discuss the issue as contemplated by F.R.Civ.P. 16(b)(3)(v). Only if the telephonic conference with the judge is unsuccessful in resolving the issue may a party file a discovery motion.

Doc. 33, p. 3. Because the defendants did not adhere to this procedure, the plaintiffs believe sanctions are warranted under Federal Rule of Civil Procedure 37(b)(2)(A). In their reply, the plaintiffs pointed also to Rule 16(f).

Under Rule 37(b)(2)(A), "[i]f a party…fails to obey an order to provide or permit discovery, including an order under Rule 26(f), 35, or 37(a), the court where the action is pending may issue further just orders." Fed. R. Civ. P. 37(b)(2)(A). As the defendants correctly point out in their response, Rule 37(b)(2)(A) is inapplicable under the facts at bar. In order for

1

sanctions to be appropriate under Rule 37, the defendants must have disobeyed an "order to provide or permit discovery." Therefore, the Case Management Order provision at issue here does not fall within Rule 37 because it merely describes a procedure to be followed before filing a motion for a discovery-related order.

Therefore, for sanctions to be granted against the defendants, the plaintiffs' motion must satisfy Federal Rule of Civil Procedure 16(f)(1)(C), which provides:

> On motion or its own, the court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party or its attorney…fails to obey a scheduling order or other pretrial order.

Again, the Case Management Order and Federal Rule of Civil Procedure 16(b)(3)(v) require a party to request a conference with the court before filing a discovery-related motion. There appears to be no dispute that the defendants did not request a conference with the court prior to filing their motions to compel. Consequently, by filing their motions to compel, the defendants violated the Case Management Order and Rule 16(b)(3)(v).

In light of this violation, "the court must order the party, its attorney, or both to pay the reasonable expenses—including attorney's fees—incurred because of any noncompliance with this rule, unless the noncompliance was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 16(f)(2). Having considered the matter, the court refuses to sanction the defendants because their noncompliance was substantially justified and other circumstances make an award of expenses unjust.

This is not a case in which the moving party immediately filed a motion to compel as soon as a discovery dispute arose with the nonmoving party. Rather, this is a case where the moving party served discovery requests on the nonmoving party, agreed to an extension of the deadline for the nonmoving party's responses, attempted to confer with the nonmoving party

about those tardy discovery requests, and only filed a motion to compel after having been met with silence from the nonmoving party. Notably, the nonmoving party tendered their untimely responses two weeks after the defendants filed their first motion to compel. Their responses, unverified and wholly inadequate, prompted another attempt by the moving party to confer in good faith, during which time a Good Faith Certificate was executed by both parties, and thereafter the defendants filed their second motion to compel. In fact, plaintiffs' counsel's conduct was sufficiently egregious to merit the imposition of sanctions.

In light of these facts, an award of expenses would be wholly unjust. Such an award would be tantamount to requiring the defendants to pay the sanctions the court previously imposed on plaintiffs' counsel. Furthermore, the court finds that the defendants' noncompliance was substantially justified because there was no real discovery dispute for the court to resolve had a conference been held. The plaintiffs were in clear violation of the Federal Rules of Civil Procedure, so a conference would only have resulted in an order to tender their untimely responses.

**IT IS, THEREFORE, ORDERED** that the plaintiffs' motion for sanctions is hereby denied.

**SO ORDERED** this, the 7th day of June, 2017.