IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

PEGGY SHUMPERT, individually and as the　　　　　　　　　　　　　　　　　PLAINTIFFS
Administrator of the Estate of Antwun Shumpert, Sr.,
THE ESTATE OF ANTWUN SHUMPERT, SR., and
CHARLES FOSTER

V.　　　　　　　　　　　　　　　　　　　　　CIVIL ACTION NO. 1:16-CV-120-SA-DAS

CITY OF TUPELO, MISSISSIPPI,
MAYOR JASON SHELTON,
CHIEF BART AGUIRRE, and
OFFICER TYLER COOK　　　　　　　　　　　　　　　　　　　　　　　　　　DEFENDANTS

ORDER

Now before the Court are the Plaintiffs' objections to various Magistrate Judge's orders in this case regarding certain discovery issues. The Magistrate Judge imposed sanctions against Plaintiffs' counsel individually. *See* Orders [85, 118, 126, 155]. The Magistrate Judge also denied Plaintiffs counsel's cross-motion for sanctions against the Defendants. *See* Order [155]. First, the Plaintiffs object to and request a stay of the Magistrate Judge's imposition of sanctions. *See* Objections [127, 129]; Motion to Stay [128]. Second, the Plaintiffs request that the Court reverse the Magistrate Judge's denial of sanctions against the Defendants. *See* Objections [159]. The parties fully briefed these objections, and they are now ripe for review.

*Analysis*

A magistrate judge may rule directly on a non-dispositive pretrial motion. 28 U.S.C. § 636(b)(l)(A). When objections are raised to such a ruling, a district court must consider them and "modify or set aside any part of the order that is clearly erroneous or contrary to law." FED. R. CIV. P. 72(a); *Castillo v. Frank*, 70 F.3d 382, 385 (5th Cir. 1995). Under this deferential standard, a magistrate judge's decision must be affirmed unless "on the entire evidence [the court] is left with a definite and firm conviction that a mistake has been committed." *United States v. United States*

*Gypsum Co.*, 333 U.S. 364, 395, 68 S. Ct. 525, 92 L. Ed. 746 (1948). The imposition of discovery sanctions is non-dispositive and thus subject to the "clearly erroneous or contrary to law" standard of review set forth in 28 U.S.C. § 636(b)(1)(A) and Rule 72(a). *See Merritt v. International Bhd. of Boilermakers*, 649 F.2d 1013, 1018 (5th Cir. 1981).

The Magistrate Judge found that Plaintiffs' counsel committed various discovery violations including: failing to respond adequately to discovery requests, serving responses late, failing to respond to interrogatories, and failing to respond to Defense Counsel's inquiries. The Magistrate Judge also found that these violations necessitated the filing of two motions to compel by the Defendants. The Magistrate Judge imposed sanctions under Federal Rule of Civil Procedure 37(a)(5)(A) to compensate the Defendants for the preparation of the motions to compel.

In his objections to the Magistrate Judge's orders, Plaintiffs' counsel does not cite any error in the Magistrate Judge's decision, but instead argues that the sanctions are unwarranted because the Defendants also committed discovery violations by failing to comply with the Case Management Order [33]. Specifically Plaintiffs' counsel argues that the Case Management Order requires the parties to request a telephonic conference with the Magistrate Judge in an effort to resolve discovery disputes before filing motions to compel, and the Defendants failed to do so with regard to the relevant disputes.

As the Magistrate Judge correctly found, any failure by the Defendants to comply with the Case Management Order is not a discovery violation actionable under Rule 37 because the case management order is not "an order to provide or permit discovery." *See* FED. R. CIV. P. 37(b)(2)(A). In turn, the Magistrate Judge declined to impose sanctions for the Defendants' failure under the applicable Rule 16. Although the Plaintiffs counsel's objection makes clear that he disagrees with the Magistrate Judge's decision, he cites no authority, and raises no clear error in the Magistrate Judge's decision. Nor does Plaintiffs' counsel raise any clear error in the Magistrate Judge's

decision that the amount of the sanctions imposed is reasonable. Importantly, Plaintiffs' counsel does not bring forth any evidence whatsoever in opposition to the Magistrate Judge's decision that the discovery violations were directly attributable to Plaintiffs counsel's gross carelessness and that his conduct was sufficiently egregious to warrant sanctions.

The record in this case demonstrates a clear pattern of willful, if not intentional, discovery violations by Plaintiffs' counsel. Such behavior is clearly sanctionable under the applicable rules. Finding no error in the Magistrate Judge's decision to impose sanctions in this case, the Court affirms the Magistrate Judge's decisions, and overrules Plaintiffs counsel's objections. Because the Magistrate Judge delayed the disbursal of the sanctions until final judgment is entered in this case, there is no reason to impose a stay, and Plaintiffs counsel's request for a stay is also denied. *See* Order [126].

Finally, the Court affirms the Magistrate Judge's decision to not impose sanctions against the Defendants under Rule 16. Although the Defendants failed to strictly comply with the Case Management Order, they did make several attempts to confer with Plaintiffs' counsel. As the Magistrate Judge correctly found, the Defendants' noncompliance with the Case Management Order was substantially justified, and in any event, Plaintiffs' counsel failed to bring forth any clear error committed by the Magistrate Judge relevant to this decision.

*Conclusion*

For all of the reasons explained above, the Magistrate Judge's Orders: [85, 118, 126, 155] are AFFIRMED. Plaintiffs' Motions and Objections [127, 129, 159] are OVERRULED and DENIED. Finally, Plaintiffs' Motion to Stay [128] is DENIED.

SO ORDERED, this the 16th day of November, 2017.

/s/ Sharion Aycock
UNITED STATES DISTRICT JUDGE